LINK: 12

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AVERY DENNISON CORPORATION,** | Case No. CV 10-07931 MRP (RZ) |
| Plaintiff, | **ORDER OF TRANSFER** |
| v. | |
| **3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY,** | |
| Defendants. | |

## I. INTRODUCTION & BACKGROUND

Defendants 3M Company and 3M Innovative Properties Company (collectively, "3M") move to transfer this antitrust action pursuant to 28 U.S.C. § 1404(a) to the District of Minnesota where a patent infringement action, initiated by 3M against Plaintiff Avery Dennison Corporation ("Avery"), is pending related to the same products in this suit. *See 3M Company, et al. v. Avery Dennison Corp.*, Civil Action No. 10-cv-02630 MJD/FLN (D. Minn.) (the "Infringement Action"). 3M contends that Avery's allegations in this case substantially overlap with affirmative defenses asserted by Avery in the infringement action and in the interests of justice and judicial economy, this case should be transferred and consolidated with the first-filed case.

This Litigation. On October 21, 2010, Avery initiated this lawsuit alleging that 3M manipulated the standards setting process of ASTM, the private standards setting organization responsible for creating standards for retroreflective sheeting, to create a monopoly for itself. Avery alleges 3M lobbied for a new Type XI standard without disclosing that the required specifications were embodied in patents that 3M already had

-1-

or was prosecuting. Complaint ¶¶3-5. When the other ASTM members realized what 3M was attempting and objected, 3M represented that it would not use its patents to block competition. *Id*. ¶7. According to Avery, in at least one instance, 3M provided written notice that it had withdrawn patent claims related to the ASTM Type XI standard from consideration by the United States Patent and Trademark Office ("Patent Office"). *Id*. With these assurances, the other ASTM members agreed to adopt the new Type XI standard. *Id*. ¶8. Contrary to 3M's representations, and unbeknownst to the other ASTM members, Avery claims 3M continued to prosecute several patent applications covering the new standard and revived the supposedly withdrawn claims. *Id*. ¶9. Now, 3M is allegedly using its patents to block competition in the Type XI and Broad High Performance Sheeting Markets, in which it has nearly 100% and 70% worldwide market share, respectively. *Id*. ¶¶1,2,10. Avery brought this action for monopolization, fraud, false advertising, and unfair competition under Sections 1 and 2 of the Sherman Act, the Lanham Act § 43(a), and California law.

Among Avery's allegations of anticompetitive conduct, it explains that on June 25, 2010, 3M filed a complaint in the federal district court for the District of Minnesota accusing Avery of infringing thirteen 3M patents with Avery's new product OmniCube T-11500. *Id*. ¶¶11,12,82; *see Infringement Action*, Complaint [Request for Judicial Notice ("RJN"), Ex. A].[1] In addition to 3M purportedly filing a baseless infringement action against Avery, Avery alleges 3M has misrepresented the quality of its products, and entered into agreements with customers designed to discourage and prevent those customers from purchasing products from 3M's competitors.

---

[1] The Court takes judicial notice of the documents filed in the Infringement Action under Federal Rule of Evidence 201(b), which requires that judicial notice be taken of facts not subject to reasonable dispute and that are "capable of accurate and ready determination by reference to sources whose accuracy cannot reasonably be questioned." A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted).

-2-

1       <u>The Infringement Action.</u>  In Minnesota, 3M sued Avery for infringing thirteen 3M patents.  Avery raised several affirmative defenses, including that the relief 3M seeks is barred in whole or in part under one or more of the doctrines of waiver, estoppel and/or misuse.  *Infringement Action*, Avery's Answer ¶209 [RJN, Ex. C].  Avery also brings counterclaims for declaratory judgment of non-infringement, invalidity and unenforceability of the thirteen asserted 3M Patents.  Avery's allegations include willful failure to disclose material prior art to the Patent Office with a specific intent to deceive the Patent Office, constituting inequitable conduct.

      3M moved for a preliminary injunction to prevent Avery from manufacturing or selling its OmniCube product during the pendency of the litigation.  Complaint ¶13; *see Infringement Action*, 3M's Motion for Preliminary Injunction [RJN, Ex. E].  Avery opposed the motion on several grounds, including that 3M waived its right to assert its patents because it had agreed to withdraw certain patent claims in connection with the ASTM standard setting process.  *See Infringement Action*, Hearing Transcript at 131-32, 138, 156-58 [RJN, Ex. G].  3M contends these allegations are the core of Avery's antitrust claims in this action.  The court in the Infringement Action denied 3M's motion for a preliminary injunction.  *Infringement Action*, December 21, 2010 Order [O'Brien Decl., Ex. C].  However, the Order did not address Avery's arguments regarding 3M's actions before the ASTM.  *Id.*

## II.   THE LEGAL STANDARD

      Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  "The purpose of this section is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

1    The transfer analysis has two parts.  First, the defendant must establish that the
2 matter "might have been brought" in the district to which transfer is sought.  *See id.*
3 Second, the court must consider the following three factors: (1) the convenience of the
4 parties; (2) the convenience of the witnesses; and (3) the interests of justice.  *Id.*; *Metz v.*
5 *U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009).  The
6 Ninth Circuit has outlined the following factors for a district court to consider when
7 determining whether transfer is in the interests of justice:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof . . . [and] the relevant public policy of the forum state.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  Although a plaintiff's choice of forum is accorded substantial weight in section 1404(a) proceedings, it is not dispositive.  "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration."  *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).  Weighing factors for and against transfer involves subtle considerations and is left to the discretion of the trial judge.  *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

## III. DISCUSSION

### A. THIS ACTION COULD HAVE BEEN BROUGHT IN MINNESOTA.

It is undisputed that Avery could have brought this action in the District of Minnesota. The federal district court in the District of Minnesota has subject matter jurisdiction over these federal antitrust claims. And, Avery admitted in the Infringement Action that it is subject to personal jurisdiction in the State of Minnesota, where it conducts substantial business. *See Infringement Action*, Avery's Answer ¶8 [RJN, Ex. C].

Venue is proper in a federal antitrust suit where the venue requirements of either Section 12 of the Clayton Act or the provisions of 28 U.S.C. § 1391 are available. *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1178 (9th Cir. 2004). Here, venue is proper under both statutes because Defendant 3M resides in Minnesota, where it maintains its principal place of business. *See* 28 U.S.C. § 1391; 15 U.S.C. § 22.

### B. MINNESOTA IS A MORE CONVENIENT FORUM.

As the party seeking transfer, 3M bears the burden to show that the District of Minnesota is a more convenient forum. *F.T.C. v. Watson Pharms., Inc.*, 611 F. Supp. 2d 1081, 1086 (C.D. Cal. 2009). 3M is based in St. Paul, Minnesota. Abler Decl. ¶3. Also based in St. Paul, Minnesota is 3M's Display and Graphics Business, including its Traffic Safety Systems subdivision. Abler Decl. ¶¶3,6-9; Karel Decl. ¶3. 3M claims that the majority of its witnesses are found within this group in or near the District of Minnesota. Brief at 2, 22. Avery is headquartered in Pasadena, California, but its Graphics and Reflective Products Division—which produces and markets Avery's reflective sheeting products—is headquartered in Ohio, with additional offices in Chicago, Illinois. Compl. ¶18; Floyd Decl. ¶¶2-3, Ex. A. 3M observes, and Avery does not dispute, that this division contains Avery's relevant party witnesses. Thus, with respect to the parties, the District of Minnesota is more convenient than the Central District of California.

The convenience of witnesses, particularly non-party witnesses, is often recognized as the most important factor when considering a transfer. *Metz*, 674 F. Supp.

1  2d at 1147-48; *Saleh v. Titan Corp.*, 361 F.Supp.2d 1152, 1160 (S.D. Cal. 2005); *Catch
2  Curve, Inc. v. Venali, Inc.*, No. CV 05-04820 DDP (AJWx), 2006 WL 4568799, *3 (C.D.
3  Cal. Feb. 27, 2006).  3M has satisfied its burden as the moving party to produce
4  information regarding the identity and location of the witnesses who will give relevant
5  testimony in this action.  *Steelcase, Inc. v. Haworth*, 41 U.S.P.Q.2d 1468, 1470 (C.D.
6  Cal. 1996).
7         Avery has not disclosed the identity and location of its witnesses, but has not
8  rebutted 3M's assumption that Avery's witnesses will not come from California.  For
9  example, 3M anticipates Avery's key witnesses in this case will include those employees
10 or former employees who were involved with ASTM.  Mark Kleinschmit, Avery's Senior
11 Technology Manager for Research and Development, submitted a declaration in support
12 of Avery's Opposition to the Motion for Preliminary Injunction in the Infringement
13 Action.  Floyd Decl. ¶¶4-5; Kleinschmit Decl. ¶4 [RJN, Ex. H].  Mr. Kleinschmit resides
14 and works in the Chicago, Illinois area.  *Id.*  Drew Buoni, a former Avery executive who
15 was Avery's primary representative on the ASTM Highway Traffic Control Materials
16 subcommittee, is based in Dallas, Texas.  Kleinschmit Decl. ¶12; Floyd Decl. ¶6, Ex. E.
17 Avery has not identified any employees located in California that have personal
18 knowledge relevant to the antitrust issues in this case and Avery does not dispute that
19 Kleinschmit and Buoni will be witnesses for Avery.  *See* Opp. at 15 ("[T]wo Avery
20 witnesses who participated in the ASTM process live in Chicago and Dallas, and two 3M
21 witnesses live in the Minneapolis area.").
22        3M has identified also the *non-party* witnesses who participated in the ASTM
23 standard-setting process and the relevant Highway Traffic Control Materials
24 subcommittee.  *See* Floyd Decl. ¶¶ 6, 8-20.  As explained above, the convenience of non-
25 party witnesses is an especially important consideration.  None of the ASTM witnesses
26 identified by 3M reside in California; they generally reside closer to Minnesota than
27 California.  *Id.*; Karel Decl. ¶¶10-14.  Avery does not contest 3M's presentation of
28

potential party and non-party witnesses. The Court thus concludes that the District of Minnesota is a more convenient forum for the witnesses in this litigation.

### C. THE INTERESTS OF JUSTICE FAVOR TRANSFER.

As set forth above, the Ninth Circuit has outlined numerous factors for a district court to consider when determining whether transfer is in the interests of justice. *See Jones*, 211 F.3d at 498-99. Some factors weigh in favor of this Court retaining jurisdiction. For instance, the lawsuit contains a mixture of federal and California law claims and this court is more familiar with California law. Also, as plaintiff, Avery has chosen this forum and that choice is entitled to deference. However, none of the operative facts alleged in the Complaint occurred within the Central District of California, or even within the state of California. On the whole, the interests of justice are best served by a transfer to the District of Minnesota.

The pendency of an action between the parties in another district and the possibility of consolidation is a significant factor in a transfer decision. *A.J. Indus., Inc. v. U.S. District Court for Central District of California*, 503 F.2d 384, 389 (9th Cir. 1974) (noting also the positive effects of consolidating discovery and convenience to witnesses and parties). Litigation of related claims in the same district is strongly favored in the interests of efficiency and consistency. *See Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."); *Durham Prods, Inc. v. Sterling Film Portfolio, Ltd., Series A*, 537 F.Supp. 1241, 1243 (S.D.N.Y. 1982); *In re Genesisintermedia, Inc. Secs. Litig.*. No. CV-01-09024 SVW (MCx), 2003 WL 25667662, *4 (C.D. Cal. Jun. 12, 2003) (transferring action where two related cases were currently pending and the transferee court was familiar with the underlying facts of the lawsuit). The parties have two patent cases proceeding before Judge Davis in the District of Minnesota, the first of which is substantially related to this action. *See 3M Company, et al. v. Avery Dennison Corp.*, Civil Action Nos. 10-cv-02630

MJD/FLN; 10-cv-0384 MJD/FLN (D. Minn.).  Judge Davis is therefore familiar with the patents and some of the allegations in this case.  Avery filed this lawsuit after and in response to the Infringement Action that 3M filed several months ago.  Because Avery's claims in this case—namely that 3M committed not to pursue certain patent claims and not to enforce patents rights relating to products complying with a new Type XI specification for retroreflective sheeting—substantially overlap with its defenses in the Infringement Action, maintaining this separate lawsuit and conducting separate discovery in the Central District of California will be inefficient and needlessly risk inconsistent rulings.  Moreover, because the validity and enforceability of 3M's patents are at issue in the Infringement Action, any rulings in that lawsuit could substantially affect the viability of Avery's core antitrust contentions and arguably should be decided first.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that the convenience of the parties and witnesses and the interests of justice favor a transfer of this action to the District of Minnesota.  Accordingly, the Court hereby **GRANTS** 3M's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a).  The Clerk of the Court is **ORDERED** to transfer this action to the United States District Court for the District of Minnesota.  The hearing scheduled for Monday, February 7, 2011 is **VACATED**.

IT IS SO ORDERED.

DATED:  February 02, 2011         _____
                                  Hon. Mariana R. Pfaelzer
                                  United States District Judge